# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

**CLETUS W. GIBBS,**                )
                                    )
      **Plaintiff,**         )
                                    )
**v.**                              )    Case No. CIV-14-288-SPS
                                    )
**CAROLYN W. COLVIN,**              )
**Acting Commissioner of the Social** )
**Security Administration,**        )
                                    )
      **Defendant.**         )

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks a total of attorney's fees in the amount of $6,599.40, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion for Award of Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 25] and Plaintiff's Supplemental Motion for Award of Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 28]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees under the EAJA as the prevailing party herein.

On appeal, the Plaintiff asserted four arguments, including several arguments related to the ALJ's step-four analysis and RFC determination. The Commissioner's response to the EAJA fees motion asserts that her position on appeal was substantially

justified because the arguments made before this Court were plausible and reasonable in fact and law, and the duty to weigh evidence is the sole province of the ALJ. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258. In this case, the Court found that the ALJ engaged in improper picking and choosing when he adopted a consultative examiner's findings related to the claimant's physical impairments, but ignored evidence related to the claimant's mental impairments,

and further engaged in picking and choosing when he only recited global assessment of functioning (GAF) scores favorable to his opinion. Here, the Commissioner argues the ALJ's assessment was reasonable because the ALJ adopted the consultative examiner's diagnoses and he was not required to recite every GAF score in the record, essentially re-arguing the case. But this Court found that the ALJ did not properly assess the evidence, not for a lack of recitation, but because he only cited evidence favorable to his conclusions and ignored evidence that differed. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis it is difficult to see how anything said on appeal could justify the ALJ's failures at the administrative level in this case. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991).

    The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not

substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Award of Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 25] in the amount of $6,016.60 and Plaintiff's Supplemental Motion for Award of Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 28] in the amount of $582.80 are hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $6,599.40 to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 3RD day of February, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma